**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL 5 RETIREMENT SAVINGS FUND<br>5981 Allentown Road<br>Camp Springs, MD 20746 | : <br> : <br> : <br> : <br> :     **COMPLAINT** |

TRUSTEES OF THE PLUMBERS AND
GASFITTERS LOCAL 5 RETIREMENT
SAVINGS FUND                                          :                    **COMPLAINT**
5981 Allentown Road                                  :
Camp Springs, MD 20746                          :
                                                                    :
      and                                                    :
                                                                    :
TRUSTEES OF THE PLUMBERS AND               :
PIPEFITTERS APPRENTICESHIP FUND          :
5981 Allentown Road                                  :
Camp Springs, MD 20746                          :
                                                                    :
      and                                                    :
                                                                    :
TRUSTEES OF THE PLUMBERS AND               :
PIPEFITTERS VACATION FUND                    :
5981 Allentown Road                                  :
Camp Springs, MD 20746                          :
                                                                    :
      and                                                    :
                                                                    :
TRUSTEES OF THE COMMUNICATION AND   :
PRODUCTIVITY FUND                                 :
5981 Allentown Road                                  :
Camp Springs, MD 20746                          :
                                                                    :
      and                                                    :
                                                                    :
TRUSTEES OF THE INDUSTRY PROMOTION  :
FUND                                                          :
5981 Allentown Road                                  :
Camp Springs, MD 20746                          :
                                                                    :
      and                                                    :
                                                                    :
TRUSTEES OF THE PLUMBERS AND               :
PIPEFITTERS MEDICAL FUND                      :
7130 Columbia Gateway Drive, Suite A         :
Columbia MD, 21045                                 :
                                                                    :
      and                                                    :
                                                                    :

TRUSTEES OF THE PLUMBERS AND    :
PIPEFITTERS NATIONAL PENSION FUND    :
103 Oronoco Street    :
Alexandria, VA 22314    :
    :
   and    :
    :
TRUSTEES OF THE INTERNATIONAL    :
TRAINING FUND    :
103 Oronoco Street    :
Alexandria, VA 22314    :
    :
   and    :
    :
PLUMBERS LOCAL UNION NO. 5    :
5891 Allentown Road    :
Camp Springs, MD 20746    :
    :
       Plaintiffs,    :
    :
   v.    :
    :
DEFINITIVE PLUMBING & HEATING, LLC    :
5285 Rivendell Lane, Unit #3    :
Columbia, MD 21044    :
    :
Serve:  Registered Agent for    :
       Definitive Plumbing & Heating, LLC    :
       Keon Walters    :
       9404 Stateside Court    :
       Silver Spring, MD 20903    :
    :
       Defendant.    :

## COMPLAINT
### (TO COLLECT CONTRIBUTIONS, DAMAGES AND INTEREST DUE PURSUANT TO ERISA AND TO COLLECT OTHER AMOUNTS DUE UNDER A COLLECTIVE BARGAINING AGREEMENT)

### PARTIES

1.    The Plumbers and Gasfitters Local 5 Retirement Savings Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). The

Retirement Savings Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Retirement Savings Fund is administered at 5891 Allentown Road, Camp Springs, Maryland 20746.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The Plumbers and Pipefitters Apprenticeship Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Apprenticeship Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Apprenticeship Fund is administered at 5891 Allentown Road, Camp Springs, Maryland 20746.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      The Plumbers and Pipefitters Vacation Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Vacation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Vacation Fund is administered at 5891 Allentown Road, Camp Springs, Maryland 20746.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.      The Plumbers and Pipefitters Medical Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Medical Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Medical Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, Maryland 21046.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. §

3

1002(21).  Together with the Retirement Savings Fund, Apprenticeship Fund, and Vacation Fund, these Funds shall be referred to as the "Local 5 Benefit Funds."

5.      The Communications and Productivity Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.    The Communications Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.   The Communication and Productivity Fund is administered by its Trustees at 5891 Allentown Road, Camp Springs, Maryland 20746.

6.      The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document.  The Industry Fund is administered by its Trustees at 5891 Allentown Road, Camp Springs, Maryland 20746.

7.      The Plumbers and Pipefitters National Pension Fund ("NPF") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The National Pension Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 20170.  The National Pension Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

8.      The International Training Fund ("ITF") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37).  The International Training Fund is established and maintained by a Restated Trust Agreement.  The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.  The International Training Fund Trustees are the

4

designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21). Together with the Plumbers and Pipefitters National Pension Fund, the NPF and ITF shall be referred to as the "National Benefit Funds."

9.     Plumbers Local Union No. 5 (hereinafter "Union" or "Local 5") is an unincorporated labor organization as that term is defined in § 2(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).  Local 5 maintains an office at 5891 Allentown Road, Camp Springs, Maryland 20746.

10.     Definitive Plumbing & Heating, LLC (hereinafter "Definitive" or "Defendant") is a limited liability corporation existing under the laws of the State of Delaware with an office located at 5285 Rivendell Road, Unit #3, Columbia, Maryland 21044. It is registered as a foreign corporation in the State of Maryland.  At all relevant times, Definitive transacted business in the state of Maryland and the Washington, D.C. metropolitan area as a contractor or subcontractor in the plumbing industry and at all relevant times was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

11.     This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185(a), and supplemental jurisdiction for state law claims under 28 U.S.C. Sections 1331 and 1367(a).

12.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Section 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

13.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e) and under Section 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## STATEMENT OF FACTS

14.     At all relevant times Definitive Plumbing & Heating, LLC was and is signatory and bound to the terms of the Collective Bargaining Agreements between the Mechanical Contractors Associations of Metropolitan Washington, D.C. and Plumbers Local Union No. 5 ("Collective Bargaining Agreements") by way of a Letter of Assent.  The Collective Bargaining Agreements require contributions and other amounts to be paid to the Plaintiffs calculated upon each hour of covered work performed by employees under the Collective Bargaining Agreements.  (All contributions, deductions, and other payments owed to the Local 5 Funds, Communications & Productivity Fund, Industry Fund, National Benefit Funds, and Local 5 are hereinafter referred to collectively as "Contributions.")

15.     By signing the Collective Bargaining Agreements, Definitive Plumbing & Heating, LLC agreed to be bound to the terms of the Agreements and Declarations of Trust establishing the Local 5 Funds and National Benefit Funds and the Employer Guidelines.

16.     Under the Collective Bargaining Agreements and the Agreements and Declarations of Trust establishing the Local 5 Funds and National Benefit Funds, employers are obligated to submit monthly payments along with monthly remittance reports identifying hours worked by the employees covered by the CBA and the amount of Contributions due for each employee. Contributions are due by the 15th of each month following the month in which the employees work.  An employer is in default if contributions are not received within the applicable time period.

17.     Definitive Plumbing & Heating, LLC employed employees covered by the CBA from at least April 2018 to the present.

## COUNT I
## (AMOUNTS OWED TO LOCAL 5 FUNDS AND NATIONAL BENEFIT FUNDS)

18.     The Local 5 Funds and National Benefit Funds adopt, incorporate, and restate the allegations set forth in paragraphs one through twenty as if fully set forth in Count I.

19.     Definitive has failed to pay Contributions to the Local 5 Funds for work performed in the months of May 2018 and June 2018 in the amount of at least $7,552.00.

20.     Definitive failed to submit contribution reports or pay Contributions to the Local 5 Funds for the months of July 2018 through January 2019; the amount of Contributions owed for these months is past due but unknown because of Definitive' s failure to submit reports identifying hours worked and amounts owed.

21.     Definitive has failed to pay Contributions to the National Benefit Funds for work performed in the month of April 2018 in the amount of at least $2,016.00.

22.     Definitive failed to submit contribution reports or pay Contributions to the National Benefit Funds for the months of July 2018 through January 2019; the amount of Contributions owed for these months is past due but unknown because of the failure to submit reports identifying hours worked and amounts owed.

23.     By virtue of the failure to pay Contributions as required by the Collective Bargaining Agreements, Definitive has breached the Collective Bargaining Agreements as well as its obligations under the Local 5 Funds' and National Benefit Funds' Agreements and Declarations of Trust and section 515 of ERISA, 29 U.S.C. § 1145.

24.     Pursuant to the Collective Bargaining Agreements and the Agreements and Declarations of Trust establishing the Local 5 Funds, an employer who fails to pay the amounts

required by the date due owes, in addition to the delinquent Contributions, liquidated damages at the rate of 15% of the amount of Contributions owed.

25.     Pursuant to the Collective Bargaining Agreements and the Agreements and Declarations of Trust establishing the National Benefit Funds, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent Contributions, liquidated damages at the rate of 10% of the amount of Contributions owed.

26.     Pursuant to the Collective Bargaining Agreements and the Agreements and Declarations of Trust establishing the Local 5 Funds, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent Contributions, interest at a rate of 10% per annum from the date due through the date of payment.

27.     Pursuant to the Collective Bargaining Agreements and the Agreements and Declarations of Trust establishing the National Benefit Funds, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent Contributions, interest at a rate of 18% per annum from the date due through the date of payment.

28.     Pursuant to the above-referenced provisions, Definitive owes liquidated damages on delinquent contributions to the Local 5 Funds in the amount of at least $1,132.80.  Additional liquidated damages are due on unreported and unpaid Contributions.

29.     Pursuant to the above-referenced provisions, Definitive owes liquidated damages on delinquent contributions to the National Benefit Funds in the amount of at least $201.60. Additional liquidated damages are due on unreported and unpaid Contributions.

30.     Interest is owed on all delinquent Contributions and will continue to accrue until all delinquent Contributions are paid.

31.     The CBA and the Local 5 Funds' and National Benefit Funds' Restated Agreements and Declarations of Trust provide for reasonable attorneys' fees and court costs incurred in collecting delinquent contributions.

## COUNT II
### (FOR PAYROLL AUDIT)

32.     Plaintiffs adopt, incorporate, and restate the allegations set forth in paragraphs 1 through 31 as if fully set forth in this Count II.

33.     An audit of Definitive' s records from September 2017 to the present will permit the Plaintiffs to determine whether the Defendant properly reported the number of employees working under the CBA, the number of hours worked by the employees, the correct contribution rates, and the amounts owed to each of the Plaintiffs.

34.     Under the terms of the Local 5 Funds and National Benefit Funds Plaintiffs' Restated Agreements and Declarations of Trust, the Plaintiffs are entitled to conduct an audit of the Defendant's payroll and related records at Defendant's expense.

## COUNT III
### (WORKING ASSESSMENTS AND OTHER AMOUNTS DUE)

35.     Plaintiff Plumbers Local Union No. 5, the Communications & Productivity Fund, and the Industry Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth in Count III.

36.     Definitive employed certain employees covered by the collective bargaining agreement who authorized working assessments/dues deduction.   Definitive failed to forward working assessments on behalf of these employees to Plumbers Local Union No. 5 for the months of May 2018 through June 2018 in the amount of $1,120.00 as required by the Collective Bargaining Agreements. Definitive also failed to forward working assessments to Local 5 for the

9

work months of July 2018 through January 2019; the amount of working assessments owed for these months is past due but unknown because of the failure to submit reports identifying hours worked and amounts owed.

37.     Pursuant to the Collective Bargaining Agreements, Definitive agreed to pay to the Communications & Productivity Fund and Industry Fund certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreements.

38.     Definitive employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the amounts due to the Communications & Productivity Fund and Industry Fund for work performed from May 2018 and June 2018 in the amount of $198.40 plus liquidated damages, interest, and attorneys' fees and costs.  Definitive also failed to pay the amounts due to the Communications & Productivity Fund and Industry Fund for work performed from July 2018 through January 2019; the amount owed for these months is past due but unknown because of the failure to submit reports identifying hours worked and amounts owed

**WHEREFORE**, the Plaintiffs pray judgment against Definitive Plumbing & Heating, LLC as follows:

A.     For unpaid Contributions due and owing to the Plaintiffs for the period of April 2018 through June 2018 in the amount of at least $10,886.40; plus unpaid contributions for the months of July 2018 through January 2019 in an amount currently unknown due to Defendant's failure to timely submit a report identifying the amount owed;

B.     For liquidated damages and interest owed on all unpaid and late-paid Contributions from the date due through the date of payment.

C.     For Contributions, if any, that become due after the filing of this lawsuit and up to the date of judgment, plus interest and liquidated damages on any such Contributions;

D.      For a Court Order requiring the Defendant to submit all payroll books and records to the Benefit Fund Plaintiffs for an audit, at the Defendant's expense, for the period of September 2017 through the date of judgment;

E.      For all amounts found due and owing, if any, as a result of the audit;

F.      For costs and attorneys' fees pursuant to the CBA, Agreements and Declarations of Trust and 29 U.S.C. § 1132(g); and

G.      Such further relief as the Court may deem appropriate.

Respectfully submitted,


Dated: February 22, 2019              By:    _____/s/_____
                                             John R. Harney (Bar No. 06572)
                                             Diana R. Cohn (Bar No. 18988)
                                             **O'DONOGHUE & O'DONOGHUE LLP**
                                             5301 Wisconsin Avenue, N.W. Suite 800
                                             Washington, D.C. 20015
                                             Telephone: (202) 362-0041
                                             Facsimile: (202) 362-2640
                                             jharney@odonoghuelaw.com
                                             dcohn@odonoghuelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h), this 22nd day of February 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Attention: Assistant Solicitor for Plan Benefits Security

By:        /s/
        John R. Harney (Bar No. 06572)
        Diana R. Cohn (Bar No. 18988)
        **O'DONOGHUE & O'DONOGHUE LLP**
        5301 Wisconsin Avenue, N.W. Suite 800
        Washington, D.C. 20015
        Telephone: (202) 362-0041
        Facsimile: (202) 362-2640
        jharney@odonoghuelaw.com
        dcohn@odonoghuelaw.com